**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| BEREAVAL WEBB, : <br> : <br>     Plaintiff : <br> : <br> v. : <br> : <br> PHOEBE PUTNEY MEMORIAL HOSPITAL, : <br> et. al., : <br> : <br>     Defendants : <br> : | 1:05-CV-124 (WLS) |

**ORDER**

Before the Court are Defendant Phoebe Putney Memorial Hospital's ("Defendant Phoebe") Motion to Dismiss (Doc. 4), Plaintiff's Motion for Extension of Time (Doc. 19), Plaintiff's Motion to Disqualify Counsel (Doc. 20), Defendant's Motion to Strike (Doc. 27), Defendants' Motion to Dismiss (Doc. 32), Plaintiff's Motion to Compel and for Sanctions (Doc. 34), Plaintiff's Motion to Strike (Doc. 35), Plaintiff's Motion for Protective Order (Doc. 36), Defendants' Motion for Summary Judgment (Doc. 38), and Plaintiff's Motion for Summary Judgment and to Continue (Doc. 48).

For the following reasons, Defendant Phoebe Putney Memorial Hospital's Motion to Dismiss (Doc. 4) is **GRANTED**; Plaintiff's Motion for Extension of Time (Doc. 19) is **DENIED**; Plaintiff's Motion to Disqualify Counsel (Doc. 20) is **DENIED AS MOOT**; Defendant's Motion to Strike (Doc. 27) is **GRANTED**; Defendants' Motion to Dismiss (Doc. 32) is **DENIED**; Plaintiff's Motion to Compel and for Sanctions (Doc. 34) is **DENIED AS PREMATURE**; Plaintiff's Motion to Strike (Doc. 35) is **DENIED AS PREMATURE**; Plaintiff's Motion for Protective Order (Doc. 36) is **DENIED AS PREMATURE**; and Plaintiff's Motion for Summary Judgment and to Continue (Doc. 48) is **DENIED**. Final disposition of Defendants' Motion for Summary Judgment (Doc. 38) is **STAYED**.

1

**DISCUSSION**

**I.     Plaintiff's Motions to Compel and for Sanctions, to Strike, for Protective Order, and for Summary Judgment**

As of the date of this Order, the Court has not issued an order governing discovery and scheduling of motions in this case.[1] *See* Docket.  Accordingly, the October 14, 2005 Rule 16/26 Order continues to operate as the governing order with respect to discovery and related motions. It states in relevant part:

> **Nothing in this Order is intended to prevent counsel from entering into voluntary discovery or the exchange of documents, etc., as may be agreed to <u>by counsel or the parties</u> in advance of the entry of the discovery/scheduling order**.  However, the Court will not entertain any motion by any counsel or party alleging non-compliance with any such voluntary discovery prior to the entry of the discovery/scheduling order, except that the Court will entertain motions based on an allegation that a party has failed to comply with the provisions of [Fed. R. Civ. P. 26(a)(1)] or this order.
>
> (Doc. 11) (emphasis in original).

Upon review of the instant motions to compel and for sanctions, to strike, and for protective order, the Court finds that none are based on an allegation that Defendant has failed to comply with the Federal Rule of Civil Procedure regarding initial disclosures.  (*See* Docs. 34, 35, 36). Therefore, pursuant to the Court's Rule 16/26 Order, the subject motions are premature and without basis.

For the foregoing reasons, Plaintiff's Motion to Compel and for Sanctions (Doc. 34) is

---

[1]   On October 14, 2005, the Court issued its Rule 16/26 Order, in which the parties were ordered to: 1) submit a proposed scheduling/discovery order by November 25, 2005; and 2) appear at a scheduling conference in this Court on November 29, 2005.  (Doc. 11).   On November 29, 2005, the Court conducted its scheduling/discovery conference.  (*See* Doc. 18).   Defendants' counsel was present.  *Id*.   Plaintiff was not present.  *Id*.

Prior to the November 29, 2005 conference, on November 23, 2005, a copy of Defendants' counsel's proposed scheduling/discovery order was received by the Clerk.  *See* Docket.   No such filing has been received from Plaintiff.  *Id*.   Due to Plaintiff's absence at the scheduling/discovery conference, and the necessity of Plaintiff's participation in scheduling discovery to ensure efficient and effective processing and disposition of this case, the Court found it prudent to withhold entry of a final discovery order until such time as Plaintiff's participation in scheduling could be arranged.   However, the Court found it necessary, in light of the pendency of Defendant Phoebe's Motion to Dismiss, to schedule interim discovery and motions deadlines.  (*See* Doc. 18).

**DENIED AS PREMATURE**; Plaintiff's Motion to Strike (Doc. 35) is **DENIED AS PREMATURE**; and Plaintiff's Motion for Protective Order (Doc. 36) is **DENIED AS PREMATURE**.

**II.     Plaintiff's Motions for Extension of Time and to Continue**

In her December 6, 2005 Motion for Extension of Time, Plaintiff "asks [the Court] for an extension of time and additional time." (Doc. 19).   Plaintiff also asks for a continuance in her July 24, 2006 Motion for Summary Judgment.  (Doc. 48).  In light of the Court's previous Orders affording Plaintiff numerous opportunities to respond to the pending motions, and there having been no discernible good cause shown by Plaintiff in the instant motion for further extension of time, the Court finds any such extension of time unwarranted, unjustified, and unnecessary. (*See* Docs. 17, 33, 47).  Plaintiff's Motion for Extension of Time (Doc. 19) is therefore **DENIED**.   Likewise, Plaintiff's Motion to Continue (Doc. 48) is **DENIED**.

**III.    Plaintiff's Motion to Disqualify Counsel**

In her December 6, 2005 Motion to Disqualify Counsel, which was incorrectly entitled "Counter-Claim Objection and Summary Judgment," Plaintiff sought to disqualify Langley & Lee, LLC from representing any Defendants in this litigation, alleging that they were once Plaintiff's attorneys and that she has not "formally released" them from said service.  (Doc. 20). On December 20, 2005, Langley & Lee LLC responded by moving to withdraw as counsel for Defendants.  (Doc.  26).   The Court approved the withdrawal of Langley & Lee on January 20, 2006, thereby resolving the subject matter of the instant Motion to Disqualify Counsel.  (Doc. 29).   Accordingly, Plaintiff's Motion to Disqualify Counsel (Doc. 20) is **DENIED AS MOOT**.

**IV.    Defendants' First Motion to Dismiss**

Plaintiff alleges race- and gender-based employment discrimination in violation of Title VII. (Doc. 1).  Defendants move the Court to dismiss the individually named defendants, Tammy Myers, Sean Bryan, John Doe, and "Affiliated Physicians" on the ground that these individuals are not Plaintiff's "employers," such as that term is defined under Title VII of the

3

Civil Rights Act of 1964.  (Doc. 4).  Defendants further move the Court to dismiss: 1) Southwest Georgia Family Practice Residency Program, "Affiliated Physicians," on the grounds that neither is a legal entity separate and apart from the corporate entity Defendant Phoebe; and 2) "John Doe," and "etc." on the grounds that neither is a real party capable of being sued.  *Id*.

### A.    Individual Defendants

Upon review of Plaintiff's Complaint, the Court finds that any allegations, such as they may exist, against the putative individual defendants are related solely to these persons' status as agents or employees of Defendant Phoebe.  As Defendants correctly point out, Plaintiff does not assert either that she was employed by any of the aforementioned individual defendants nor that any such person is an "employer" as that term is defined by Title VII.  (*See* Doc. 4).  Any relief granted pursuant to Title VII is "against the employer, not individual employees whose actions would constitute a violation of the Act."  Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).  Accordingly, "[i]ndividual capacity suits under Title VII are . . . inappropriate." *Id*. Having so found, the Court must necessarily dismiss Plaintiff's Complaint against these individual defendants for failure to state a claim for which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).

### B.    Southwest Georgia Family Practice Residency Program and Affiliated Physicians Defendants

The Court must also dismiss Plaintiff's Complaint against Southwest Georgia Family Practice Residency Program and "Affiliated Physicians" as neither entity is a distinct "legal person" separate and apart from Defendant Phoebe.

### C.    Fictitiously Named Defendants

Pursuant to Fed. R. Civ. P. 10, "[i]n the complaint the title of the action shall include the names of all the parties."  Courts have typically construed Rule 10 to require a plaintiff to specifically identify all defendants from whom relief is sought.  *See, e.g.*, American Civil Liberties Union, Inc. v. The Florida Bar, 744 F. Supp. 1094, 1096 (N.D. Fla. 1990) ("[o]nly in exceptional circumstances have courts permitted plaintiffs to use fictitious names); Feliciano v.

DuBois, 846 F.Supp. 1033 (D. Mass 1994) (plaintiffs must specifically identify each defendant from whom relief is sought).  Here, none of the exceptional circumstances listed in Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981) apply.[2]  *See also* Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981) (holding that the decisions of the Fifth Circuit, as that court existed on September 30, 1981, are binding as precedent in the courts in the Eleventh Circuit). Accordingly, the Court may not permit Plaintiff to assert claims against unascertainable, anonymous parties.

### D. Conclusion

Having so found, Defendants' Motion to Dismiss (Doc. 4) is **GRANTED**.   Accordingly, Plaintiff's Complaint is dismissed as against Tammy Myers, Sean Bryan, John Doe, "Affiliated Physicians," Southwest Georgia Family Practice Residency Program, and "etc."

## V. Defendants' Second Motion to Dismiss[3]

The remaining Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's alleged failure to prosecute or comply with the Federal Rules of Civil Procedure. (Doc. 32).   "Dismissal with prejudice, however, is an extreme sanction which is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff exists'".  Dowdell v. Sunshine Biscuits, Inc., 90 F.R.D. 107, 113 (M.D. Ga. 1981).   Notwithstanding Plaintiff's apparent non-compliance with the Federal Rules of Civil Procedure, the Local Rules, and the

---

[2]   Exceptional circumstances are present such that party anonymity is permitted in cases where:

> 1) plaintiffs seeking anonymity were suing to challenge governmental activity;  2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and 3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

Doe, 653 F.2d at 185.

[3]   Plaintiff purports to separately assert a Motion for Summary Judgment in her response brief to Defendants' Motion to Dismiss. (Doc. 49).  An assertion of a motion for summary judgment is an inappropriate and unauthorized response to a motion to dismiss.   Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 49) is **DENIED** as improperly filed.   Plaintiff's brief, however, will be otherwise considered as responsive to Defendants' Motion to Dismiss.  (Doc. 32).

Orders of this Court, the Court is not convinced at this time that Plaintiff's conduct is the result of contumacious conduct sufficient to support dismissal with prejudice.   In light of Plaintiff's *pro se* status, and in consideration of Plaintiff's response brief to the instant motion (Doc. 49), in which she notes the aforementioned delays and sincerely apologizes for the same, the Court declines to grant Defendants' Motion to Dismiss (Doc. 32) on the grounds asserted.   Defendants' Motion to Dismiss (Doc. 32) is **DENIED**.

### VI.    Defendants' Motion for Summary Judgment

Defendants move for summary judgment for multiple reasons, alleging that Plaintiff has: 1) failed to allege facts sufficient to support her race and gender discrimination claims against Defendants; 2) completely failed to prosecute her claims and has stubbornly refused to cooperate in discovery; and 3) admitted as a matter of law facts by way of Defendants' First Requests for Admissions sufficient to preclude Plaintiff from prevailing on any of her substantive claims. (Doc. 38).    In light of the Court's findings contained herein dismissing all claims against the individuals, Southwest Georgia Family Practice Residency Program, "Affiliated Physicians," and fictitious Defendants, the Court will address Defendants' Motion only as it pertains to Plaintiff's heretofore surviving claims against Defendant Phoebe Putney.  *See supra* Part IV.  Similarly, the Court's findings contained herein denying Defendants' Second Motion to Dismiss, effectively render moot portions of the instant Motion based on Plaintiff's alleged failure to prosecute her claims.  *See supra* Part V.  Accordingly, when reviewing the instant Motion for Summary Judgment, the Court shall consider Defendants' allegations that Plaintiff: 1) failed to allege facts sufficient to support her race and gender discrimination claims against Defendant Phoebe Putney; and 2) admitted as a matter of law facts by way of Defendants' First Requests for Admissions sufficient to preclude Plaintiff from prevailing on any of her substantive claims.

#### A.    Defendants' First Requests for Admission

Upon review of the instant Motion, it is found that Defendants' allegation that Plaintiff failed to allege facts sufficient to support her claims rely substantially and in part on Defendants'

6

further allegation that Plaintiff admitted facts by way of her failure to respond to Defendants' First Requests for Admissions. (*See* Doc. 38). A "court should be particularly careful to ensure proper notice to a *pro se* litigant." Herron v. Beck, 693 F.2d 125, 127 (11th Cir. 1982) (citing Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979) (holding that before a motion for summary judgment is granted, the *pro se* plaintiff must be advised of his right to file counter affidavits or other responsive material and that he be alerted to the fact that his failure to so respond might result in the entry of summary judgment against him)). In keeping with the notice requirement, the Court issues a separate notice to *pro se* plaintiffs upon the filing of motions to dismiss and for summary judgment, informing the *pro se* party, in writing, of both the requirements surrounding motions to dismiss and for summary judgment and the potential consequences for failure to properly respond. (*See, e.g.*, Docs. 11, 17, 33, 44). While the Eleventh Circuit has not ruled on whether a *pro se* party must be advised of her responsibilities to respond in compliance with Fed. R. Civ. P. 36(a) to requests for admissions or of the possible consequences for her failure to do so, federal courts in other circuits have extended the *pro se* notice requirement to requests for admissions. *See, e.g.*, Diggs v. Keller, 181 F.R.D. 468 (D. Nev. 1998). To ensure that Plaintiff has received fair notice of her responsibilities under Fed. R. Civ. P. 36(a) to respond to Defendants' requests for admissions, the Court will issue such a notice by separate order. In the interim, final disposition of Defendants' Motion for Summary Judgment (Doc. 38) is **STAYED**.

## **CONCLUSION**

For the foregoing reasons, Defendant Phoebe Putney Memorial Hospital's Motion to Dismiss (Doc. 4) is **GRANTED**; Plaintiff's Motion for Extension of Time (Doc. 19) is **DENIED AS MOOT**; Plaintiff's Motion to Disqualify Counsel (Doc. 20) is **DENIED AS MOOT**; Defendant's Motion to Strike (Doc. 27) is **GRANTED**; Defendants' Motion to Dismiss (Doc. 32) is **DENIED**; Plaintiff's Motion to Compel and for Sanctions (Doc. 34) is **DENIED AS PREMATURE**; Plaintiff's Motion to Strike (Doc. 35) is **DENIED AS PREMATURE**;

Plaintiff's Motion for Protective Order (Doc. 36) is **DENIED AS PREMATURE**; and

Plaintiff's Motion for Summary Judgment and to Continue (Doc. 48) is **DENIED** except with regard to Defendants' request for admissions as addressed by separate order.

To ensure that Plaintiff has received fair notice of her responsibilities under Fed. R. Civ. P. 36(a) to respond to Defendants' requests for admissions, the Court will issue such a notice by separate order. **Plaintiff will have ten (10) days from the date of the issuance of the Court's order notifying her of her rights, responsibilities, and obligations to respond to Defendants' First Requests for Admissions.** Defendant shall have **ten (10) days from the filing of Plaintiff's response**, if any, to submit a reply to the response. After passage of **thirty-five (35) days** from the date of said Order, the Court will consider Defendant's motion for summary judgment, any opposition to the same filed by Plaintiff, and any reply to Plaintiff's opposition filed by Defendant.

In the interim, final disposition of Defendants' Motion for Summary Judgment (Doc. 38) is **STAYED**.

**SO ORDERED**, this   5th   day of September, 2006.

                                                /s/W. Louis Sands  
                                                **W. LOUIS SANDS, CHIEF JUDGE**  
                                                **UNITED STATES DISTRICT COURT**