**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

BEREAVAL WEBB,  :
    Plaintiff  :
      :
v.  :    1:05-CV-124 (WLS)
      :
PHOEBE PUTNEY MEMORIAL HOSPITAL,  :
et. al.,  :
      :
    Defendants  :

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 62). For the following reasons, Plaintiff's Motion for Reconsideration (Doc. 62) is **DENIED**.

Plaintiff moves the Court to reconsider the portions of its September 6, 2006 order: 1) granting Defendant Phoebe Putney Memorial Hospital's Motions to Dismiss (Doc. 4) and Defendant's Motion to Strike (Doc. 27); 2) denying Plaintiff's Motion for Extension of Time (Doc. 19) and Plaintiff's Motion for Summary Judgment and to Continue (Doc. 48); 3) denying as premature Plaintiff's Motion to Compel and for Sanctions (Doc. 34), Plaintiff's Motion to Strike (Doc. 35), and Plaintiff's Motion for Protective Order (Doc. 36); and 4) denying as moot Plaintiff's Motion to Disqualify Counsel (Doc. 20).

The Federal Rules of Civil Procedure are silent about motions for reconsideration. As the Eleventh Circuit noted in Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-806 (11th Cir. 1993), relief granted from motions for reconsideration are within "the sound discretion of the district judge." It is the practice of this Court to grant a motion for reconsideration only when the movant demonstrates that either: 1) there has been an intervening change in the law; 2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or 3) the court made a clear error of law. McCoy v. Macon Water

1

Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Plaintiff asserts neither that there has been an intervening change in the law nor that new and previously unavailable evidence relating to the subject motions has been discovered through the exercise of due diligence. (*See* Doc. 62). Furthermore, Plaintiff does not assert or otherwise demonstrate that the Court made a clear error of law. *Id*. Instead, Plaintiff purports to file what she calls a "rebuttal to the [Court's] previous decisions." *Id*. This is an improper use of the motion for reconsideration. *See also* M.D. Ga. R. 7.6. Indeed, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind," *See* Brogdon v. National Healthcare Corp., 103 F.Supp. 2d 1322, 1338 (N.D. Ga. 2000) (quoting McCoy, 966 F.Supp at 1223), and certainly may not employ such a motion to "rebut" the Court's earlier rulings.

Upon further review of Plaintiff's motion and the findings made in the September 6, 2006 Order sought to be reconsidered, the Court finds that Plaintiff's motion purports to call the Court's attention to evidence and arguments previously reviewed and taken into consideration in resolving the then-pending motions at issue. As Plaintiff has failed to demonstrate any intervening change in the law, the discovery of new and previously unavailable evidence, or that the Court made a clear error in law, Plaintiff's Motion for Reconsideration (Doc. 62) should be, and hereby is, **DENIED**.

**SO ORDERED**, this 26th day of January, 2007.

/s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**