**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

BEREAVAL WEBB,
    Plaintiff

v.      1:05-CV-124 (WLS)

PHOEBE PUTNEY MEMORIAL HOSPITAL, et. al.,
    Defendants

**ORDER**

Before the Court are Defendant's Motion for Summary Judgment (Doc. 38), Plaintiff's Motion to Amend/Correct Complaint (Doc. 51), Plaintiff's Motion to Strike (Doc. 52), Plaintiff's Demand for Jury Trial (Doc. 58), and Plaintiff's Motion to Continue. (Doc. 61). For the following reasons, Defendant's Motion for Summary Judgment (Doc. 38) is **GRANTED**; Plaintiff's Motion to Amend/Correct Complaint (Doc. 51) is **DENIED**; Plaintiff's Motion to Strike (Doc. 52) is **DENIED**; Plaintiff's Demand for Jury Trial (Doc. 58) is **DENIED AS MOOT**; and Plaintiff's Motion to Continue (Doc. 61) is **DENIED AS MOOT**.

**DISCUSSION**

**I.    Plaintiff's Motion to Amend/Correct Complaint**

Plaintiff moves the Court to amend her Complaint: 1) to include a breach of contract claim; and 2) to change the "John Doe" party to "Phoebe Family Care." (Doc. 51). Among the factors the Court must consider when deciding whether to grant a motion to amend under Fed. R. Civ. P. 15(a) are undue delay, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of the amendment. *See* Technical Resource Services v. Dornier Medical System, 134 F.3d 1458, 1463 (11th Cir. 1998), quoting Foman v. Davis, 371 U.S. 178, 182 (1962)

    **A.    Breach of Contract Claim**

1

The Court finds Plaintiff's request to include a breach of contract claim at this stage in the litigation to be both procedurally and substantively deficient. Plaintiff filed her Complaint in this action on September 14, 2005. (Doc. 1). Thereafter, per the Federal Rules of Civil Procedure and the Court's own well-established practice, both Plaintiff and Defendants were served with a Rules 16/26 scheduling order, in which they were: 1) advised of their responsibilities both to the Court and to each other regarding discovery and motions scheduling; and 2) ordered to appear before the Court on November 29, 2005 for a scheduling conference. (Doc. 11). The conference took place as scheduled on November 29, 2005, with Attorneys Robert O. Sands and M. Baker Wyche, III appearing on behalf of Defendant Phoebe. (*See* Doc. 18). Neither Plaintiff nor a counsel of record appearing on her behalf attended the November 29, 2005 conference. *Id*. At the conference, the Court set January 30, 2006 as the deadline by which the parties could amend their Complaint or join additional parties. *Id*.

Following November 29, 2005, the parties were to engage in and complete discovery. Discovery closed on April 4, 2006. Defendants filed the presently pending Motion for Summary Judgment (Doc. 38) on May 4, 2006, based on the record as discovered. Now, nearly a year after first filing her Complaint and after having filed her response to Defendant's Motion for Summary Judgment, Plaintiff seeks to amend her Complaint to include a "breach of contract" claim. (*See* Docs. 48, 49). In her motion, Plaintiff does not allege the existence of any new facts which may have been unavailable to her at the time of the filing of the Complaint. As a result, the Court must, and hereby does find, that the breach of contract claim sought to be added must be based on facts available to her at the filing of the Complaint. Therefore, the Court finds that the potential breach of contract claim was available at the filing date or at the very least by the amendment deadline. Permitting Plaintiff to amend her Complaint to include such a claim after the discovery period has closed and while a Motion for Summary Judgment is presently pending would grossly prejudice Defendant. Accordingly, Plaintiff's Motion to Amend (Doc. 51) is **DENIED** with respect to her request to add a breach of contract claim.

    **B.**    **Party Substitution**

The Court, through its September 5, 2006 Order, dismissed the "John Doe" party now sought to be renamed as "Phoebe Family Care" on the grounds that absent exceptional circumstances, which Plaintiff had not established, the Court may not permit claims to go forward against unascertainable, anonymous parties. (Doc. 59). As said party has been dismissed, the Court no longer maintains personal jurisdiction over it. Assuming *arguendo* that the Court may maintain jurisdiction over a dismissed party for purposes of this case, permitting Plaintiff to amend her complaint as requested would be improper as "Phoebe Family Care" is not a distinct legal person separate and apart from Defendant Pheobe. Such an amendment is therefore futile and will not be permitted. Plaintiff's Motion (Doc. 51), to the extent it may otherwise not effect an undue prejudice on Defendant, is **DENIED** with respect to Plaintiff's request to amend the "John Doe" party to "Phoebe Family Care."

## II. Plaintiff's Motion to Strike

The whole text of Plainitff's purported Motion to Strike reads as follows:

By trying this case it is my inten[t]ion to show how the admissions claimed by the defendants are just untruth and improper hearsay. They were submitted January 2006. My witnesses will be called to report their accounts of discrimination and biased treatment.
(Doc. 52)

Upon review, the Court finds that Plaintiff's Motion consists of, at best, a statement of her intent regarding this case. This "pleading" can also be read as an attempt to avoid the consequences of having failed to deny the Requests for Admissions discussed below. As Plaintiff neither affirmatively asks the Court to take specific action nor provides any basis upon which the Court, even under a liberal interpretation, could provide relief, Plaintiff's Motion to Strike (Doc. 52) is **DENIED**.[1]

---

[1] The Court notes that Plaintiff has been afforded an opportunity to submit an appropriate response to Defendant's First Set of Admissions. (Doc. 65). Further analysis on the sufficiency of Plaintiff's response (Doc. 66) will be discussed below. *See infra* Part III, B.

3

**III.     Defendant's Motion for Summary Judgment**

Defendants move for summary judgment, alleging *inter alia* that Plaintiff has failed to allege facts sufficient to support her race and gender discrimination claims against Defendants. (Doc. 48).

**A.     Defendant's First Set of Admissions**

Pursuant to Fed. R. Civ. P. 36, Defendant also moves herein for an order declaring those matters requested in Defendant's First Set of Admissions (Doc. 38, Exh. 4) be deemed admitted for Plaintiff's failure to respond to the same in a manner which complies with the Federal Rules. (Doc. 48; *see also* Doc. 67).   Under the Federal Rules,

> The party who has requested the admissions may move to determine the sufficiency of the answers or objections.  Unless the court determines that an objection is justified, it shall order than an answer be served.   If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.
> Fed. R. Civ. P. 36(a).

In Defendant's Motion for Summary Judgment, Defendant alleges that Plaintiff had not submitted an answer to its Requests as required by the Federal Rules. (Doc. 48).   Based on Plaintiff's alleged failure to respond, Defendant moves the Court to declare the matters in question admitted, as is permitted under Rule 36.  *Id*.

The Court, mindful of Plaintiff's *pro se* status, found it prudent to ensure that Plaintiff received fair notice of her responsibilities under Rule 36 and stayed further consideration of Defendant's Motion for Summary Judgment until such time as the Court issued Plaintiff a notice advising her of said responsibilities. (Doc. 59).    Thereafter, the Court issued an Order, explaining in great detail that Defendant had caused Requests for Admissions to be served upon Plaintiff, Plaintiff's responsibilities to respond to the same, and the consequences for Plaintiff's failure to adequately respond to such Requests. (Doc. 65).   Furthermore, again with great detail, the Court outlined what constitutes an adequate response to Requests for Admissions.  *Id*.

Nevertheless, Plaintiff, by her own admission, submitted responses to Defendant's

4

Statements of Undisputed Material Facts. (Doc. 66). Such a submission unquestionably fails as a response to Rule 36 requests for admission. Notably, Plaintiff's purported response does not attempt to address, let alone admit or deny, the requests at issue with the specificity required by the Rules. In light of the Court's clear and explicit instructions, the Court finds that Plaintiff was afforded adequate notice of her responsibilities to adequately respond, the consequences for failure to adequately respond, and the mechanics with which to adequately respond. Additionally, the Court finds there to be no legitimate basis for any confusion Plaintiff may assert to have regarding which of Defendant's filings is the Requests for Admission. To be clear, in both the September 6, 2006 Order staying the instant Motion for Summary Judgment and the October 30, 2006 Order notifying Plaintiff of the Requests at issue, the Court specified by name and docket number the Defendant's Requests for Admissions. (*See* Docs. 59, 65). Here, after numerous Orders by which the Court has advised Plaintiff of her responsibilities under the Federal Rules and the Local Rules of this Court, (*See* Docs. 17, 33, 43, 44, 47), and specifically with respect to these Requests for Admission (Doc. 65), Plaintiff simply fails to proceed in this case in a manner compliant with the Rules.

The Court, as it has acknowledged repeatedly in the past, is mindful of Plaintiff's *pro se* status. Such status, however, cannot permit the Court to serve as Plaintiff's *de facto* attorney, as such service would effect gross material prejudice on the non-*pro se* party, in this case Defendant. *See* GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). The Court, therefore, declines to offer Plaintiff a third opportunity to submit a cognizable answer to Defendant's Requests. Pursuant to Fed. R. Civ. P. 36, the matters requested in Defendant's Requests for Admissions (Doc. 38, Exh. 4) are deemed admitted in their entirety for Plaintiff's failure to adequately and properly respond to the same.

**B.     Summary Judgment Standard**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

5

judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen, 121 F.3d at 646. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See* Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. Celotex, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id*. at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. Celotex, 477 U.S. at 322-23; Allen, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### C. Fact Summary[2]

It is uncontested that Plaintiff began her employment with Defendant in July 2002 as a resident physician at Phoebe Putney Memorial Hospital undertaking her academic residency requirements in Phoebe's Southwest Georgia Family Practice Residency Program. (Doc. 38, Exh. 2). Based on observations during the first year and the beginning of the second year of Plaintiff's residency, which indicated serious performance problems to the instructing physicians, Defendant developed and placed Plaintiff on a performance improvement plan in October 2003 to assist Plaintiff in curing her performance deficiencies. *Id*. Plaintiff admits that during the first week of April 2004, Plaintiff failed to comply with the rules for resident physicians of Phoebe relating to the utilization of a pager. (Doc. 38, Exh. 2; *see also* Exh. 4)[3]. Plaintiff also admits that on April 30, 2004, Plaintiff was responsible for precepting three patients at Phoebe but failed to do so. *Id*. When asked by one of her supervisors, Dr. Robin Guillard, about her failure to precept these patients, Plaintiff falsely stated that the patients had been precepted by Dr. Tammy Myers. *Id*. On May 11, 2004, Plaintiff called a patient of Dr. Inman, without his knowledge or consent, and informed the patient that she had abnormal pap smear results, which was an incorrect assessment. When confronted about her improper contact of Dr. Inman's patient and

---

[2] The Court notes that on November 13, 2006, Plaintiff filed a document which purports to serve both as a response to Defendant's Requests for Admission and to Defendant's Statement of Material Facts, which was filed in connection with the subject Motion for Summary Judgment. (*See* Doc. 66). For reasons stated above, Plaintiff's document is not considered responsive to Defendant's Requests. *See supra* Part III, A. Additionally, Plaintiff's document, to the extent it purports to be filed in connection with her July 24, 2006 response to Defendant's Motion for Summary Judgment, is untimely and will not be considered therewith. Notably, the Court twice advised Plaintiff of her responsibilities under the Federal Rules to file a response to Defendant's Motion. (Docs. 44, 47). Plaintiff was ordered to file her response by no later than July 24, 2006. (Doc. 47). The Court, in its July 12, 2006 Order, explicitly warned the parties that "[**t**]**o prevent manifest injustice, no further extension will be granted except upon timely written motion based on matters that are not reasonably avoidable or foreseeable by the parties**." *Id*. (emphasis in original). Plaintiff has neither timely moved for a motion nor otherwise indicated that her failure to file the purported Statement is based on matters that were not reasonably avoidable or foreseeable. Accordingly, to prevent manifest injustice, Plaintiff's document (Doc. 66) is **STRICKEN** to the extent that it purports to serve as a statement of disputed material facts.

[3] *See supra* Part III, A., regarding Defendant's Requests for Admissions.

her incorrect medical assessment, Plaintiff refused to accept responsibility that her medical assessment was wrong and that her actions were inappropriate. *Id*. Upon Plaintiff's failure to meet the requirements of her performance improvement plan and her subsequent policy infractions, Phoebe elected not to renew Plaintiff's employment contract and Plaintiff's employment with Phoebe terminated with the expiration of her contract in June 2004. (Doc. 38, Exh. 2).

Furthermore, Plaintiff admits that as a Family Practice Resident Physician, Plaintiff received the same benefits and pay, and was required to perform the same duties and tasks and meet the same performance expectations as all other Family Practice Resident Physicians employed by Phoebe at the same year level. (Doc. 38, Exh. 2; *see also* Exh. 4).[4] Plaintiff further admits both that no other employee of Phoebe has worked in the same or similar position as Plaintiff and received any higher compensation than Plaintiff and that no other employee of any race engaged in the same conduct as Plaintiff and has not been terminated. *Id*. Notably, Plaintiff admits that no other employee of Defendant has been subjected to discrimination on the basis of race or sex in a manner similar to that alleged by Plaintiff. *Id*. Finally, Plaintiff admits that from February 15, 2003 through the date of termination in May 2004, she did not report to the Human Resources Department or any person therein that she was being discriminated against or retaliated against for any reason, or that she was being treated differently from others concerning her wages and working conditions. *Id*.

### D. Analysis

In her Complaint, Plaintiff asserts the following claims against her former employer, Defendant Phoebe: 1) discrimination and retaliation on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and 2) discrimination in the payment of wages on the basis of gender in violation of the Equal Pay Act of 1963, ("EPA"). (Doc. 1).

#### 1. Title VII Discrimination Claims

---

[4] *See supra* Part III, A., regarding Defendant's Requests for Admissions

To establish a *prima facie* case under Title VII, Plaintiff must establish that: 1) she belongs to a racial or gender minority, 2) she was subject to adverse employment action, 3) her employer treated similarly situated employees outside her classification more favorably, and 4) she was qualified to do the job. *See* Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003) (quoting Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997)). If Plaintiff establishes a prima facie case, the burden then shifts to Defendants to put forth a legitimate, nondiscriminatory reason for the Defendant's actions. Conner v. Ft. Gordon Bus Co., 761 F.2d 1495, 1499 (11th Cir. 1985).

The Eleventh Circuit in Conner characterized Defendant's burden as "exceedingly light" and "as being merely a burden of production and not a burden of proof." *Id*. " Nevertheless, since [Defendant's] explanation must be clear and reasonably specific, some proffered reasons will be legally insufficient to rebut a prima facie case. For instance, a defendant relying on a purely subjective reason for discharge will face a heavier burden of production than it otherwise would." *Id.* (*citing* Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981); Robbins v. White-Wilson Medical Clinic, Inc., 660 F.2d 1064 (5th Cir. Unit B 1981)). Upon satisfaction of Defendant's burden, the burden then shifts to Plaintiff to show that the articulated reason was merely a pretext for discrimination. *See generally* McDonnell Douglas v. Green, 411 U.S. 792 (1973).

It is undisputed that Plaintiff is a member of both racial and gender minorities, being an African-American female. It is also undisputed that she was subjected to adverse employment actions by being placed on a performance improvement plan and later discharged from employment.

However, as a matter of law, Plaintiff admits that Defendant required all other employees employed at the same year level and job classification as Plaintiff to perform the same duties and tasks and meet the same performance expectations as Plaintiff. *See supra* Part III, A. Plaintiff also admits that she received the same benefits and pay as other similarly situated Family Practice Resident Physicians. *Id*. Furthermore, Plaintiff has not produced any evidence which

9

could support a finding that Defendant treated her similarly situated, but non-minority classified peers in a more favorable manner, *i.e.*, by disciplining a similarly situated colleague in a more favorable manner than Plaintiff for the allegedly similar conduct. Indeed, Plaintiff has offered no evidence that any such comparators exist.

Assuming *arguendo* that Plaintiff could produce such evidence, she does not prove that was qualified to do the job. Plaintiff does not dispute that qualifications required of a resident physician, as Plaintiff was while employed by Defendant, include the ability to provide competent medical treatment and to make suitable academic progress in the residency program towards the completion of the State's residency requirements for licensed physicians. Plaintiff admits as a matter of law that after having been placed on an improvement plan for failure to meet the academic requirements of her residency program: 1) she failed to provide competent medical treatment by failing to precept three patients in April 2004 and subsequently falsely stated that the same patients had been precepted by a second doctor; 2) she failed to comply with hospital rules regarding use of pagers by resident physicians in April 2004; 3) she improperly and incorrectly informed another doctor's patient that she had abnormal pap smear results; and 4) she failed to accept responsibility for her errant medical assessment or inappropriate contact with said patient. *Id*.

Even if Plaintiff could make out a prima facie case, Defendant has articulated a legitmate, non-discriminatory reason for the adverse action at issue. Defendant asserts to have placed Plaintiff on an improvement plan for failure to satisfactorily meet the academic progress requirements of its residency program. Defendant further asserts to have terminated Plaintiff for her continued failure to meet said requirements, failure to provide competent medical treatment to patients, lying to supervising physicians, and failure to adhere to various hospital rules. (Doc. 38).

Here, Plaintiff has not submitted any evidence to show that Defendant's articulated reasons were a pretext for discrimination. Additionally, there is no evidence in the record which could support a finding that Plaintiff was placed on an improvement plan or was discharged,

10

even in part, based on her race or gender. Furthermore, Plaintiff admits as a matter of law that she engaged in the alleged improper conduct. *See supra* Part III, A. Therefore, even if Plaintiff could establish a *prima facie* case based on the evidence presently before the Court, she cannot show that Defendant's articulated reason for terminating her employment is pretextual. Accordingly, Defendant is entitled to summary judgment on Plaintiff's Title VII discrimination claims. Defendant's Motion for Summary Judgment (Doc. 38) is therefore **GRANTED** as to Plaintiff's Title VII discrimination claims.

### 2. Title VII Retaliation Claims

To establish a *prima facie* claim for retaliation under Title VII, Plaintiff must prove that: 1) she participated in an activity protected by Title VII; 2) she suffered an adverse employment action; and 3) there is a causal connection between participation in the protected activity and the adverse employment action. Farley v. Nationwide Mutual Ins., 197 F.3d 1322, 1336 (11th Cir. 1999). While it is uncontested that Plaintiff suffered adverse employment actions, Plaintiff neither alleges nor provides any evidence which could support a finding that she participated in an activity protected by Title VII. Additionally, Plaintiff admits that from February 15, 2003 through the date of her termination, she did not report to any person that she believed she was being discriminated against or retaliated against for any reason, or that she was being treated differently from any other employee with respect to wages and working conditions. Neither does Plaintiff show any causal connection between her termination and any Title VII related conduct. *See supra* Part III, A. Plaintiff is therefore unable to establish a *prima facie* case for retaliation under Title VII. Defendants are therefore entitled to summary judgment as to these claims. Accordingly, Defendant's Motion for Summary Judgment (Doc. 38) is **GRANTED** as to Plaintiff's Title VII retaliation claims.

### 3. Equal Pay Act of 1963 Claims

To prove a *prima facie* case under the EPA, the plaintiff has the burden of showing that she is employed in a job that requires equal skill, effort and responsibility under equal working conditions as another job held by a person of the opposite sex, and that she is compensated at a

11

lower rate than he is.  Schwartz v. Florida Bd. of Regents, 807 F.2d 901 (11th Cir. 1987).  Here, Plaintiff has not presented any evidence regarding any job held by a person of the opposite sex. Assuming *arguendo* that she could produce such evidence, she admits as a matter of law that no other employee of Phoebe has worked in the same or similar position as Plaintiff and received any higher compensation than she.  *See supra* Part III, A.   Plaintiff, therefore, cannot prove a *prima facie* case under the EPA.   Accordingly, summary judgment is warranted in favor of Defendants as to this claim.  Defendant's Motion for Summary Judgment (Doc. 38) is therefore **GRANTED** as to Plaintiff's Equal Pay Act of 1963 claim.

### IV.  Plaintiff's Demand for Jury Trial and Plaintiff's Motion to Continue

In light of the foregoing summary judgment in favor of Defendant on all claims, there remains no case to be continued.  *See supra* Part III, D.  Plaintiff's Motion to Continue (Doc. 61) is therefore **DENIED AS MOOT**.   Additionally, Plaintiff's Demand for Jury Trial (Doc. 58), to the extent it is otherwise timely, is **DENIED AS MOOT**.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 38) is **GRANTED**; Plaintiff's Motion to Amend/Correct Complaint (Doc. 51) is **DENIED**; Plaintiff's Motion to Strike (Doc. 52) is **DENIED**; Plaintiff's Demand for Jury Trial (Doc. 58) is **DENIED AS MOOT**; and Plaintiff's Motion to Continue (Doc. 61) is **DENIED AS MOOT**.

**SO ORDERED**, this  26th   day of January, 2007.

   /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**